## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

CLEOTHER TIDWELL,
#N41754,

                    **Plaintiff,**

v.

                                  **Case No. 20-cv-01064-SPM**

MOHAMMED SIDDIQUI,
THENA POTEAT,
WEXFORD HEALTH SOURCES, INC.,
CARRIE MORRIS, and
ANGELA CRAIN,

                    **Defendants.**

## <u>MEMORANDUM AND ORDER</u>

**MCGLYNN, District Judge:**

Plaintiff Cleother Tidwell, an inmate of the Illinois Department of Corrections currently incarcerated at Menard Correctional Center originally filed this Complaint in the Circuit Court for the Twentieth Judicial Circuit, Randolph County, in the State of Illinois. In his Complaint, Tidwell alleges that Defendants were deliberately indifferent to serious medical needs and failed to protect him under the Eighth Amendment when he was forced to take psychotropic medications against his will. He also raises state law claims. (Doc. 1-1, p. 1-14). On October 8, 2020, Defendants Thena Poteat and Mohammed Siddiqui removed the case to this Court pursuant to 28 U.S.C. §§ 1331, 1441, 1443, and 1446, asserting that the Court has original jurisdiction of Tidwell's claims involving constitutional issues under the Eighth Amendment. (Doc. 1, p. 2). Because Tidwell is a restricted filer, this case is before the Court for case management.

On August 10, 2017, Tidwell was sanctioned by the Court with a monetary fine and barred from filing any civil pleadings in this District until the sanction is paid. *See Tidwell v. Menard C.C.*, No. 16-cv-384-SMY (S.D. Ill. Aug. 10, 2017, Doc. 43). The Court's Order provides in relevant part:

> Cleother Tidwell is **SANCTIONED** with a **$500** fine, to be paid before any other civil litigation will be filed. This fine is in addition to any other filing fees owed to this District. The Clerk of Court is **DIRECTED** to return all civil pleadings unfiled until the sanction is paid, and all habeas corpus filings will be summarily dismissed thirty days after filing, unless otherwise ordered by the Court. Documents submitted in connection with an appeal are excluded from the sanction.

(*Id.* at p. 7). Tidwell appealed the filing ban. *See Tidwell v. Clendenin,* Appellate Case No. 17-3020 ("Appellate Case"). But the Seventh Circuit denied Tidwell's Motion for Leave to Appeal *in forma pauperis*, finding Tidwell failed to identify "a good faith issue that the district court erred in denying [Tidwell's] motions and imposing sanctions and a filing ban." (Appellate Case, Doc. 17). Subsequently, on January 10, 2018, the appeal was dismissed for failure to pay the filing fee. (Appellate Case, Doc. 20).

Tidwell then began attempts to avoid the filing ban by filing cases in districts with no connection to the claims or litigations involved in the case, perhaps in an effort to avoid the subject filing ban. On April 2, 2018, Tidwell filed a civil rights action in the Western District of Louisiana, bringing claims pertaining to his incarceration at Lawrence Correctional Center. *See Tidwell v. Kink*, No. 18-cv-959-DRH. That action was transferred to this District for improper venue. On April 18, 2018, the presiding judge administratively closed the case and advised Tidwell that continued attempts to avoid the filing ban might result in additional sanctions. *Id.* at Doc. 4, p. 3. Tidwell did the same thing in the Northern District of New York, and that case was transferred to this District and closed on June 6, 2018. *See Tidwell v. John/Jane Does*, No. 18-cv-1181-NJR. He also brought a suit regarding Lawrence Correctional Center in the Southern District of West Virginia with the same result. *See Tidwell v. Kink*, No. 18-cv-1691-MJR. He attempted yet again to file suit against healthcare unit staff at Lawrence Correctional Center in the Northern District of Texas. *See Tidwell v. Cunningham*, No. 18-cv-1448-SMY. This time the Court not only closed his case but again sanctioned Tidwell as follows:

> Cleother Tidwell is **SANCTIONED** with an additional $500 fine, to be paid before any other civil litigation will be filed. This fine is in addition to any other filing fees and/or sanctions owed to this District. The Court also reimposes the filing ban on

Page 2 of 4

the same conditions as previously imposed. In accordance with this precedent, Plaintiff may seek modification or rescission of this Order, by filing a motion in this Court no earlier than two years from the date of entry of this Order, assuming that he fails to pay the balance of his filing fees within that 2-year time period.

*Id.* at Doc. 9, pp. 3-4. Tidwell appealed the closing of his case and additional sanction, *Id.* at Doc. 10, but later voluntarily dismissed the appeal. *See Tidwell v. Cunningham*, Appellate Case No. 18-3079 (Docs. 4-5). Thus, the filing restrictions remain in effect.

Despite these filing restrictions, Defendants retain the right to remove the lawsuit from state to federal court. *See In re Matter of Skupniewitz*, 73 F.3d 702, 705 (7th Cir. 1996) (sanction against plaintiff that prohibited filing complaints or motions did not prevent defendants from removing the action to federal court). But before discussing whether removal is proper, the Court first notes that not all served Defendants have joined in or consented to the removal of this action, as is required under 28 U.S.C. § 1446(b)(2)(A). *See Tidwell v. Poteat,* Case No. 2020MR79 (20th Judicial Circuit) (Doc. Oct. 5, 2020). A failure to consent to removal is a procedural defect in removal and grounds for remand. *See Gossmeyer v. McDonald,* 128 F. 3d 481, 489 (7th Cir. 1997) ("all served defendants. . . have to support the petition in writing, i.e., sign it."). However, if the plaintiff fails to file an objection within thirty days of removal, the procedural defect is waived. *Id.* (citations omitted). *See also Matter of Cont'l Cas. Co.,* 29 F. 3d 292, 294 (7th Cir. 1994) (procedural defects in removal may be waived or forfeited); 28 U.S.C. § 1447(c). Additionally, a district court "may not remand cases sua sponte on the basis of procedural defects in removal." *Dudley v. Putnam Intern. Equity Fund,* No. 10-328-GPM, 2010 WL 1838255 at *4 (S.D. Ill. May 5, 2010). *See also Pettit v. Boeing Co.,* 606 F. 3d 340, 343 (7th Cir. 2010) ("after the 30 days have expired a district judge may not remand on its own motion for non-jurisdictional problems").

Because of the filing restrictions imposed, Tidwell's filings have been returned to him, and no objections have been filed.[1] *See Malone v. Wexford Health Sources, Inc.,* No. 17-CV-952-

---

[1] On October 19, 2020, Tidwell filed a Notice with the Court expressing confusion regarding why this case was opened in federal court. (Doc. 7). In the Notice, he states he did not file anything in the Southern District of Illinois and asks

NJR-MAB, 2019 WL 4261611 at *1, n. 2 (S.D. Ill. Sept. 9, 2019) (striking plaintiff's objection to a report and recommendation pursuant to a filing ban). Therefore, any defect in removal procedure is deemed forfeited.

The Court finds that the case was properly removed because it raises constitutional claims pursuant to 42 U.S.C. § 1983, thus raising a federal question justifying removal. *See* 28 U.S.C. § 1331. However, the case will be dismissed and administratively closed. Tidwell cannot circumvent the filing restriction by filing an action in state court and waiting for the defendant to remove it. This is a common tactic by restricted filers, and as previously discussed, it is not the first time that Tidwell has attempted to avoid the filing ban. *See also Tidwell v. Donaby,* No. 20-cv-00918-NJR (S.D. Ill.) (Doc. 10) (administratively closing case removed from the Circuit Court for the Twentieth Judicial Circuit, Randolph County, Illinois); *Akers v. United States*, Nos. 20-cv-581-JPG (Doc. 13), 20-cv-592-JPG (Doc. 8), and 20-cv-638-JPG (Doc. 8) (administratively closing cases removed from the Circuit Court for the First Judicial Circuit, Williamson County, Illinois); *Jonassen v. True,* No. 20-cv-00238-SMY, 2020 WL 6203233 (S.D. Ill. Oct. 22, 2020) (dismissing case removed from Circuit Court for the First Judicial Circuit, Williamson County, Illinois). Allowing Tidwell to continue prosecuting this action would render the filing restriction meaningless, and the Court will not allow him to proceed in this manner.

Accordingly, this case is **DISMISSED** and shall be **ADMINISTRATIVELY CLOSED**. In light of this Order the Motion for Status (Doc. 15) filed by Defendants is **DENIED as moot.**

**IT IS SO ORDERED.**

**DATED:   December 16, 2020**

   *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**

---

the Court to send him a copy of the Complaint so he can figure out who filed the case. The Court allowed this filing to ensure he was sent and received the Notice of Removal, but since, the Court has returned all filings submitted by Tidwell. (*See* Doc. 9, 12, 13,14).